United States Bankruptcy Court
United States District Court
Southern District of Texas
**ENTERED**
August 12, 2022
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| IN RE: § § | |
| § | CASE NO: 16-70270 |
| JORGE C. ZAMORA-QUEZADA, M.D., § | |
| M.P.H., P.A., § | CHAPTER 7 |
| § | |
| Debtor. § | |
| § | |
| MICHAEL B. SCHMIDT § | |
| and § | |
| CATHERINE STONE CURTIS, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | ADVERSARY NO. 17-7002 |
| § | |
| JORGE C. ZAMORA-QUEZADA § | |
| and § | |
| J&M ZAMORA FAMILY LP § | |
| and § | |
| JCZQ FAMILY LP § | |
| and § | |
| ALPHA-OMEGA MANAGEMENT, LLC § | |
| and § | |
| CENTER FOR ARTHRITIS & OSTEOPO- § | |
| ROSIS I, PA § | |
| and § | |
| ZAMORA-QUEZADA INC. § | |
| and § | |
| MEISY ZAMORA-QUEZADA § | |
| and § | |
| JORGE A. ZAMORA § | |
| and § | |
| FABIO GONZALEZ, § | |
| § | |
| Defendants. § | |

## REPORT & RECOMMENDATION
## RECOMMENDING THAT THE
## <u>WRIT OF HABEAS CORPUS AD TESTIFICANDUM BE GRANTED</u>
*Regarding ECF No. 125*

On August 9, 2022, the plaintiff in the above-captioned adversary proceeding, Catherine Stone Curtis, the chapter 7 trustee ("*Plaintiff*"), filed "Plaintiff's Motion for Issuance of a Writ of Habeas Corpus ad Testificandum"[1] asking this Court to issue a Writ of Habeas Corpus ad Testificandum or, in the alternative, issue a report and recommendation to the United States District Court for the Southern District of Texas recommending that the United States District Court issue a Writ of Habeas Corpus ad Testificandum ordering that the Federal Bureau of Prisons and the United States Marshals Service produce Jorge C. Zamora-Quezada before this Court to testify on August 29, 2022 for however long the trial lasts.[2]

The above-captioned adversary proceeding is presently pending before this Court. The trial of this adversary proceeding is scheduled to begin at 9:00 a.m. on August 29, 2022, for three days, commencing each morning at 9:00 a.m. on August 30, 2022, and August 31, 2022 in McAllen, Texas. Presently, Jorge C. Zamora-Quezada is incarcerated in the East Hidalgo Detention Center in La Villa, Texas.

### A. The United States District Court has the authority and jurisdiction to issue the Testimonial Writ

Pursuant to 28 U.S.C. § 2241, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Section 2241 also provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial."[3]

While § 2241 authorizes Supreme Court justices, circuit judges, and district judges to issue writs of habeas corpus ad testificandum, that section omits reference to bankruptcy judges. Thus, it is unclear whether a bankruptcy court has authority independent of the district court to issue such

---

[1] ECF No. 125.
[2] *Id.*
[3] 28 U.S.C. § 2241(c)(5). *See also Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977).

a writ.[4] A majority of courts to consider the issue have concluded that such authority is either doubtful or lacking completely.[5]

Examination of another statute, 28 U.S.C. § 2256, casts further doubt on a bankruptcy court's authority to issue a testimonial writ.[6] That provision would have authorized bankruptcy judges to issue habeas corpus writs either (i) to bring a person before the court for examination, to testify, or to perform a duty imposed on the person by title 11 or (ii) to release a debtor from custody if he had been arrested through a civil action to collect a debt.[7] However, § 2256 was repealed before ever going into effect.[8] Because such authority is doubtful, the bankruptcy court should certify the matter to the district court, with a recommendation as to whether the writ should or should not be issued.[9]

Accordingly, this Court lacks the statutory authority to issue the Writ of Habeas Corpus ad Testificandum.

However, pursuant to 28 U.S.C. § 2241, and because Jorge C. Zamora-Quezada is incarcerated in La Villa, Hidalgo County, Texas, which is located within the Southern District of Texas,[10] the United States District Court is cloaked with the necessary statutory authority to issue the Writ of Habeas Corpus ad Testificandum.[11]

### B. The Writ of Habeas Corpus ad Testificandum should be issued

---

[4] *Bennett v. Smith (In re Smith)*, Case No. 05-2079, 2007 Bankr. LEXIS 4732, at *2 (Bankr. M.D.N.C. Apr. 19, 2007) (compiling cases where courts either found that the bankruptcy court did not have authority to issue a writ of habeas corpus or that such authority was doubtful).
[5] *See id. See also, e.g.*, *Gowan v. Westford Asset Mgmt. LLC (In re Dreier LLP)*, Case No. 10-5447, 2014 Bankr. LEXIS 3258, at *4–5 (Bankr. S.D.N.Y. July 30, 2014) (collecting cases where courts found that bankruptcy courts lacked authority to issue writs under § 2241).
[6] *In re Smith*, 2007 Bankr. LEXIS 4732, at *4.
[7] *In re Dreier LLP*, 2014 Bankr. LEXIS 3258, at *5 (first citing 28 U.S.C. § 2256, then citing *Salazar v. McCormick (In re Crestview Funeral Home, Inc.)*, No. NM-02-044, 2002 Bankr. LEXIS 1521, at *5–7 (B.A.P. 10th Cir. Dec. 13, 2002)).
[8] *In re Crestview Funeral Home, Inc.*, 2002 Bankr. LEXIS 1521, at *6–7.
[9] *In re Smith*, 2007 Bankr. LEXIS 4732, at *3 (citing *In re Larson*, 232 BR. 396, 398 (Bankr. W.D. Wis. 1999)).
[10] 28 U.S.C. § 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions . . . .").
[11] *See also Ballard*, 557 F.2d at 480.

Issuing the Writ of Habeas Corpus ad Testificandum is within the discretion of the District Court.[12]  The court should consider the following factors when determining whether to issue such a writ: (1) whether the prisoner's presence will substantially further resolution of the case; (2) the security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[13]

### 1. The prisoner's presence will substantially further resolution of the case

In the above-captioned adversary proceeding, Plaintiff asks this Court to, inter alia, set aside allegedly preferential and/or fraudulent transfers from Debtor Jorge C. Zamora-Quezada, M.D., M.P.H., P.A., to the named defendants, order the defendants to disgorge and turn over the monies paid to them, and pierce the corporate veil and hold Jorge C. Zamora-Quezada liable individually for the Debtor's debts.[14]  Jorge C. Zamora-Quezada's appearance will further resolution of this case because (i) he has personal knowledge regarding his own actions forming the basis of the Trustee's claim for breach of fiduciary duty; (ii) the pre-petition operation of the Debtor; (iii) the transfers from the Debtor that form the basis of most of the Trustee's claims; and (iv) the loan agreements that form the basis of certain of the Trustee's claims.  Jorge C. Zamora-Quezada's presence will also allow this Court to make necessary credibility determinations.  Lastly, Jorge C. Zamora-Quezada was deposed in early 2017 by a creditor's attorney and prior to Plaintiff filing the instant adversary proceeding, but neither Plaintiff nor her attorney were present at that deposition.

---

[12] *Ballard*, 557 F.3d at 480 (citations omitted).
[13] *Id.* (citation omitted).
[14] ECF No. 1.

Accordingly, this Court finds that the first factor weighs in favor of issuing the Writ of Habeas Corpus ad Testificandum.

### 2. The security risks presented by the prisoner's presence are minimal

Jorge C. Zamora-Quezada was convicted of white-collar offenses involving healthcare fraud and related wrongdoing. He was not convicted of any violent offenses and to the best of this Court's knowledge is not violent or dangerous. There is little if any security risk presented by Jorge C. Zamora-Quezada's presence.

Accordingly, this Court finds that the second factor weighs in favor of issuing the Writ of Habeas Corpus ad Testificandum.

### 3. The expense of the prisoner's transportation and safekeeping is minimal

Jorge C. Zamora-Quezada is currently incarcerated approximately 34 miles from the federal courthouse in McAllen, Texas. Thus, the cost of transportation given the proximity should not be significant.

Accordingly, this Court finds that the third factor weighs in favor of issuing the Writ of Habeas Corpus ad Testificandum.

### 4. The suit cannot be stayed until the prisoner is released without prejudice to the creditors and the underlying cause asserted

Currently Jorge C. Zamora-Quezada is incarcerated at the East Hidalgo Detention Center awaiting sentencing for his criminal convictions in Case No. 7:18-CR-00855-1.[15] It is unknown when Jorge C. Zamora-Quezada will be sentenced or what the length of his sentence will be. The above-captioned adversary proceeding has been pending in this Court since January 25, 2017[16] and was abated on October 15, 2018, pending completion of the criminal proceeding against Jorge

---

[15] See Min. Entry May 18, 2022 in Case No. 7:18-CR-00855-1.
[16] ECF No. 1.

C. Zamora-Quezada.[17] The proceeding was unabated when this Court entered its "Comprehensive Scheduling, Pre-Trial & Trial Order" on April 30, 2021.[18] The case is now ready for trial. With no certainty as to the date of Jorge C. Zamora-Quezada's release, this Court finds that this case cannot be stayed until his release without prejudice to creditors and the underlying cause asserted.

Accordingly, this Court finds that the fourth and final factor weighs in favor of issuing the Writ of Habeas Corpus ad Testificandum.

Given that all four factors weigh in favor of issuing the Writ of Habeas Corpus ad Testificandum, this Court recommends that the honorable United States District Court issue the Writ of Habeas Corpus ad Testificandum.

**C. This Court Certifies the Writ of Habeas Corpus ad Testificandum to the United States District Court**

This Court hereby recommends that "Plaintiff's Motion for Issuance of a Writ of Habeas Corpus ad Testificandum"[19] be granted. The Court recommends that the writ of habeas corpus ad testificandum be issued, requiring that the United States Marshal Service present Jorge C. Zamora-Quezada before this Court for trial of the above-captioned adversary proceeding at 9:00 a.m. on August 29, 2022, and on any other date and time at which the trial may be continued, in the 10th Floor Courtroom at 1701 W. Business Hwy 83, McAllen, Texas 78501.

SIGNED August 11, 2022

_____
Eduardo Rodriguez
United States Bankruptcy Judge

---

[17] ECF No. 70.
[18] ECF No. 87.
[19] ECF No. 125.